IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
JAMES K. CHAMBERS,          §
                            §
           Plaintiff,       §
                            §
VS.                         §    NO. 4:15-CV-456-A
                            §
TARRANT COUNTY and TARRANT  §
COUNTY HOSPITAL DISTRICT,    §
                            §
           Defendants.      §
```

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Tarrant County, Texas, ("County") and Tarrant County Hospital District ("District"), to dismiss. Plaintiff, James K. Chambers, has failed to respond to the motion[1], which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

### Background

On June 22, 2015, plaintiff filed his original complaint in this action, which was transferred to the docket of the undersigned by order of July 7, 2015. Doc. 9.[2] Thereafter, the court ordered that the caption of the action be amended to

---

[1]On September 3, 2015, plaintiff filed what has been docketed as an emergency motion for relief, but it contains only a conclusory list of alleged acts of denial of due process and does not appear to address the motion to dismiss. The motion is being denied.

[2]The "Doc." reference is to the clerk's docket entry in this action.

correctly name County and District as defendants and that
plaintiff file an amended complaint to allege with particularity
the claims he intended to assert. Doc. 15. On August 3, 2015,
plaintiff filed his amended complaint. Doc. 23.

Plaintiff addresses the claims against County and District
in separate sections of his amended complaint. As to County, he
alleges: When he was booked into the Tarrant County Jail on June
4, 2015, he brought over 20 federal court letters and documents,
over 400 pieces of legal mail, over 50 medical documents, and 17
or more legal federal documents concerning 8 active federal
lawsuits in progress. Plaintiff was told that no one cared about
his legal documents. Jailers threatened to beat plaintiff over
his legal mail more than once. Plaintiff was locked down 4 times
for trying to get help with his legal documents. Once, he was
denied toilet paper. He was told his legal documents were
destroyed and that he could not have them anyway. And, finally,
jailers dumped plaintiff's legal papers all over the floor and in
the toilet and hit him with the door as they left laughing. In
addition, his jailers twice tried to have plaintiff locked in the
mental health facility.

With regard to District, plaintiff alleges: He informed
medical staff during the booking process that he had undergone
surgery on his leg and that he suffers from a number of medical

2

conditions that require ongoing care, including headaches, sores, and swelling. He has been denied medical treatment over and over again since his arrival at the Tarrant County Jail.

Plaintiff is a frequent litigator in this and other courts, as reflected in the appendix to defendants' motion to dismiss. Plaintiff often corresponds with the court claiming to need emergency relief from a variety of conditions. The correspondence usually includes a reference to this action as well as No. 4:15-CV-389-A, styled "James K. Chambers v. A-Avalon Corrections Services, Inc., et al.," also pending before the undersigned. [3]

II.

Grounds of the Motion

Defendants urge two grounds in support of their motion to dismiss. First, plaintiff has filed a plethora of legal documents in various cases, thus belying his claims against County. Second, plaintiff's allegations regarding denial of medical care fail to rise to the level necessary to state a claim upon which relief can be granted.

---

[3]The clerk has docketed one such letter as a motion for summary judgment. Doc. 30. The attachment to the letter, which was the actual motion for summary judgment bore the caption of No. 4:15-CV-389-A. Thus, the court has directed the clerk to re-docket item 30 as correspondence and not a motion regarding this action.

III.

## Applicable Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the facts pleaded must allow
the court to infer that the plaintiff's right to relief is

4

plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion under Rule 12(b)(6), the court may refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003).

### III.

### Analysis

#### A. Claims Against County

An inmate alleging denial of access to courts must show an actual injury–that is, that defendants' intentional conduct damaged his legal position. Lewis v. Casey, 518 U.S. 343, 351 (1996); Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir.

1988). A prisoner's rights with regard to legal mail do not extend beyond the ability to prepare and transmit a necessary legal document. Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). In this case, plaintiff's allegations with regard to his legal documents are simply not plausible in light of the court's own experience with plaintiff's constant correspondence as well as the records with regard to plaintiff's filings in his various lawsuits. Moreover, plaintiff has not pleaded that he has suffered any concrete injury as a result of the County's alleged actions.

Plaintiff's allegations with regard to being locked down four times do not state a claim. Temporary loss of privileges, such as cell restrictions, do not pose atypical or significant hardships beyond ordinary incidents of prison life. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). That plaintiff was denied toilet paper once does not state claims of such magnitude as to constitute a constitutional violation. See Harris v. Fleming, 839 F.2d 1232, 135-36 (7th Cir. 1988). And, allegations of verbal abuse are insufficient to state a claim. Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

6

B.   Claims Against District

      With regard to his claims against District, plaintiff has

done nothing more than list a series of conditions without

describing whether any of them are attributable to acts of the

District or whether acts or omissions of the District have made

them worse. Plaintiff simply has not pleaded facts sufficient to

show that District acted with deliberate indifference to his

serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106

(1976). That is, he has not shown that District knew of and

disregarded an excessive risk to his health or safety. Farmer v.

Brennan, 511 U.S. 825, 837 (1994). Plaintiff's conclusory

statement that even a layman would recognize the need for

treatment is insufficient. Iqbal, 556 U.S. at 679.

IV.

Order

      For the reasons discussed herein,

      The court ORDERS that plaintiff's emergency motion for

relief be, and is hereby, denied.

7

The court further ORDERS that defendants' motion to dismiss be, and is hereby, granted, and plaintiff's claims be, and are hereby, dismissed.

SIGNED September 22, 2015.

_____
JOHN McBRYDE
United States District Judge